OPINION,
That the appellees title, if any’ he hath, to the land in controversy, must be supported on this foundation: that the grant to Henry Hatcher operated retroactively— giving to his title like vigor as if the consummation thereof, by the grant, had been cotemporaneous with the commencement, *152 which preceded the commencement of the appellants right; — or on this other foundation : that the grant to Wood Jones was obtained surreptitiously, when the officer, to whose function the transaction of that business belonged, did not know part of the land comprehended in the grant to have been appropriated, or clamed, by another, who, in not perfecting his title, had been in no default, or was obtained by collusion between the officers and the grantee, and upon supposition that the grant to Henry Hatcher by relation was prior in effect, although posterior in date, to the other, or that the latter was fraudulent, this, so far as if intended to intercept his right, was void, and the appellees remedy in a court of common law was proper and adequate, and this court discerning no ground for application by the appellee to a court of ^equity, especially when that so great a length of time had elapsed, after the commencement of Hatcher’s title, before any one appeareth to have attempted to assert it, and the manner in which it was derived to the appellee, are remembered, is of opinion the decree of the county court is erroneous, and
Reversing that decree, dismissed the ap-pellees bill, from which decree Elisha White appealed.
OPINION and DECREE’ of the court of appeals,* 13 day of October, 1792.
This day came the parties and on mature consideration of the transcript, and. the arguments of the counsil, although this court doth not approve of the general reasoning in the introduction to the decree of the high court of chancery, being of opinion that in controvérsies of this nature, where fraud is suggested and proved, courts of equity have competent jurisdiction, are most usually and properly resorted to, and can afford ample and adequate relief; yet since the appellant (Elisha White) hath made no proof in support of the allegations of his bill, or of any fraud on the part of Wood Jones, father of the appellee, in obtaining his patent, this court is of opinion there is no error in the said decree, therefore it is decreed and ordered that the same be affirmed.
REMARK.
The decree of the court of chancery is, upon reconsideration, admitted to have been made upon a wrong foundation, namely, that the appellee, if he had any title, having an adeaquate remedy to recover it by action in a court of common law, ought to have resorted to that remedy; the nature of this controversy being such that to the court of equity the appellee might properly resort, as the court of appeals have stated in their opinion, if Wood Jones, the father before the grant to him, had known of the grant to Henry Hatcher, or perhaps of the survey for him, the latter grant would have related, as is conceived, to his survey, the origin of his title, and have avoided pro tanto the grant to Wood Jones, as well in a court of law as in a court of equity, but that notice not being confessed or proved, nor even explicitly charged in the bill, the relation which is never allowed topantedate an act, if an innocent stranger would be thereby harmed, is inadmissible, the doctrine contained in the decree conformably with what is said here, on the subject of relation, is supposed not to have been disapproved by the court of appeals.

his appeal is reported more fully in 4 Call 253, than in 1 Wash. 116. — Note in edition of 1852.